J-S03019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN SAVOY | |
| Appellant | No. 1455 EDA 2014 |

Appeal from the Judgment of Sentence April 25, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007045-2012

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                              **FILED MARCH 19, 2015**

Appellant, Steven Savoy, appeals from the judgment of sentence entered April 25, 2014, by the Honorable Jeffrey P. Minehart, Court of Common Pleas of Philadelphia County. No relief is due.

The trial court aptly summarized the pertinent facts as follows.

> On June 4, 2011, at approximately 8:53 a.m., Emergency Medical Services ("EMS") arrived at [Savoy's] apartment building at 2411 N. 11th Street in response to an emergency call where they were met by defendant in the lobby of the apartment building. He was holding the victim, [six-month-old] Essence Savoy, in his arms. EMS transported the victim to St. Christopher's Hospital and while in route [sic] they administered epinephrine and adrenaline to the victim. Once at St. Christopher's, the victim was given another round of epinephrine and regained her pulse, but not her ability to breathe. The victim, who was in a coma, was put on a respirator. However, on June 10, 2011, the respirator was removed and at 2:43 p.m., the victim was declared dead by Children's Hospital medical personnel.

In his testimony, [Savoy] stated that on June 4, 2011, at approximately 8:30-8:35 a.m., his girlfriend, Ebony Prattis left the victim under his care and then departed the apartment she shared with defendant with her three other children for a birthday party. According to [Savoy], after his girlfriend left, he was playing a video game when he heard the victim gasping for air as she lay on the other end of the sofa. He thought she needed to vomit so he picked her up. After picking up the victim, he shook the victim three or four times. After the third time, the victim's head went limp and he laid her back on the sofa. [Savoy] then attempted to give the victim CPR, causing "milk and stuff" to come out of her mouth when he blew harder. [Savoy] then went to the neighbor's apartment and called his girlfriend and then 9-1-1. Per 9-1-1 instructions, he laid the victim on the floor and did a finger sweep of the victim's mouth, wherein he found a penny. He then attempted CPR again, but saw no response. He felt that he was incorrectly performing CPR and ran for the elevator when he heard an ambulance. Because the elevators often operated slowly, [Savoy] instead ran down the steps, with the victim in his arms, to meet paramedics.

An examination of the victim's brain and spinal cord revealed that the victim suffered from inflicted neuro trauma (or abusive head trauma), which is injury to the top of the spinal cord where it meets the brain. Dr. Lucy Rorke-Adams, an expert in neuropathology, concluded that Mr. Savoy had shaken the victim so violently that he spinal cord had separated from the lower part of her brain, resulting in respiratory arrest and cardiac arrest. Dr. Rorke-Adams described internal trauma to the brain, spinal cord and eyes as a result of the shaking, as well as external trauma to the victim's head caused by blunt impact. The manner of death was deemed to be homicide.

Trial Court Opinion, 7/15/14 at 2-3 (unnumbered). Following a bench trial,

Savoy was convicted of third-degree murder[1] and endangering the welfare of

a child by a parent or guardian.[2] On April 25, 2014, the trial court

---

[1] 18 Pa.C.S.A. § 2502(c).
[2] 18 Pa.C.S.A. § 4304.

sentenced Savoy to fifteen to thirty years' incarceration. Thereafter, Savoy

filed a post-sentence motion, which the trial court denied without a hearing

on May 7, 2014. This timely appeal followed.

On appeal, Savoy raises the following issues for our review:

I. Is appellant entitled to an arrest of judgment with respect to his convictions for murder of the third degree and endangering the welfare of a child by a parent or guardian since the evidence is insufficient to sustain the verdicts of guilt as the Commonwealth failed to sustain its burden of proving appellant's guilt beyond a reasonable doubt?

II. Is appellant entitled to remand for resentencing since the sentence imposed by the trial court is excessive, unreasonable and not reflective of appellant's character, history and condition?

Appellant's Brief at 4.

Savoy first challenges the sufficiency of the evidence in support of his

convictions. We review a challenge to the sufficiency of the evidence as

follows.

The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the

trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Slocum*, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

Savoy argues that his conviction for third-degree murder was insufficient as the Commonwealth failed to establish that he acted with the requisite malice. Third-degree murder is defined as all other murders that are not first or second degree murder:

Third degree murder occurs when a person commits a killing which is neither intentional nor committed during the perpetration of a felony, but contains the requisite malice. Malice is not merely ill-will but, rather, wickedness of disposition, hardness of heart, recklessness of consequences, and a mind regardless of social duty. Malice may be inferred from the use of a deadly weapon on a vital part of the victim's body. Further, malice may be inferred after considering the totality of the circumstances.

*Commonwealth v. Garland*, 63 A.3d 339, 345 (Pa. Super. 2013) (citation omitted).

Although Savoy admits on appeal that he shook his infant daughter, he purports to justify his actions as a necessary attempt to save the child.

He also argues that while his actions may have been "extremely foolish, they were no more than utterly negligent." Appellant's Brief at 22.

We find Savoy's argument to be unavailing. It defies the scientific evidence. As noted by the trial court, the Commonwealth's expert witness testified that Savoy shook the infant with such violence that the victim suffered both *internal* injuries, resulting in the separation of the spinal cord and brain, and *external* injuries in the nature of blunt force trauma to the victim's head. **See** N.T., Trial, 10/17/13 at 23-24, 37-38. It was reasonable for the trial court to conclude that grabbing and shaking the victim – and infant – with enough violence to result in non-accidental internal and external trauma constituted, at a very minimum, extreme recklessness of consequences such that sufficient evidence of malice existed to support Savoy's conviction of third-degree murder. **See Commonwealth v. Hardy**, 918 A.2d 766, 774-775 (Pa. Super. 2007) (evidence sufficient to find malice where appellant shook infant victim with enough violence to fracture ribs, shaking him and/or otherwise causing his head to strike an object), **appeal denied**, 940 A.2d 362 (Pa. 2008). We therefore hold that there was sufficient evidence to establish malice.

Savoy additionally argues that the evidence was insufficient to support his conviction of endangering the welfare of a child by a parent or guardian. Our review of the record reveals that Savoy does not develop this claim in any meaningful manner or provide pertinent legal authority in support thereof. Therefore, we find this claim waived for lack of development. **See**

*Commonwealth v. Delvalle*, 74 A.3d 1081, 1087 (Pa. Super. 2013) (finding undeveloped claim to be waived).

Savoy's remaining claim raises a challenge to the discretionary aspects of his sentence. Preliminarily, we must determine whether Savoy has the right to seek permission to appeal the sentencing court's exercise of its discretion. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). When an appellant challenges the discretionary aspects of his sentence, we utilize a four-part test to determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa. R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa. R. Crim. P. [720]; (3) whether appellant's brief has a fatal defect, Pa. R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.Cons.Stat.Ann. § 9781(b).

*Id*. (internal citations omitted).

In the present case, our review of the record reveals that although Savoy raised in his Rule 1925(b) statement all of the arguments he now seeks for us to review in support of his discretionary aspects of sentencing claim, he failed to raise these specific arguments either at sentencing or in his post-sentence motion. *See* Petition for Reconsideration of Sentence, 4/28/15 at ¶¶4-5 (challenging only that sentence will "lead to deterioration of Defendant's ability … to become a useful and productive member of society" and constitutes extreme hardship on Defendant's family). As Savoy preserved none of the arguments he now raises in support of his

discretionary aspects of sentencing claim either at sentencing or in his post-sentence motion, they are not subject to our review. ***See Commonwealth v. Tejada***, --- A.3d ---, ---, 2015 WL 62931, *9 (Pa. Super., filed 1/6/15).

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/19/2015